ROCCO SALVATORE LUPINO v. STATE.

171 N. W. (2d) 710.

October 24, 1969—No. 41665.

C. Paul Jones, State Public Defender, and Ronald L. Haskvitz and Robert E. Oliphant, Assistant State Public Defenders, for appellant.

Douglas M. Head, Attorney General, Richard H. Kyle, Solicitor General, William B. Randall, County Attorney, and Thomas Poch, Raymond L. Flader, and Steven C. DeCoster, Assistant County Attorneys, for respondent.

PER CURIAM.

This is an appeal by Rocco Salvatore Lupino, also known as Rocky Lupino, from denial of his postconviction petition in which he asked that the judgment of conviction and sentence of the Ramsey County District Court, dated April 5, 1960, be vacated and set aside.

On June 4, 1958, an indictment was returned in the Federal District Court for Minnesota charging appellant with violation of the Federal Fugitive Felon Act, 18 U. S. C. A., § 1073, which makes interstate flight to avoid prosecution under the laws of the jurisdiction fled from a crime. He was charged with fleeing from Minnesota to avoid prosecution for the crimes of murder and kidnapping under the laws of this state. The kidnapping-murder was alleged to have occurred on September 28, 1953, against the person of one Anthony DeVito. Appellant was found guilty by a jury and was sentenced to 5 years' imprisonment and a fine of $5,000 on November 4, 1958.

Subsequently, on December 8, 1959, appellant was charged by indictment in Ramsey County with violation of Minn. St. 1961, § 619.34, for the September 28, 1953, kidnapping of the same Anthony DeVito. On April 5, 1960, a jury returned a verdict of guilty and appellant was sentenced to a term of up to 80 years' imprisonment.[1]

---

[1] The conviction was affirmed in State v. Lupino, 268 Minn. 344, 129 N. W. (2d) 294, certiorari denied, 379 U. S. 978, 85 S. Ct. 681, 13 L. ed. (2d) 569.

508

Appellant argues that because one of the elements that had to be proved in order to convict him in Federal court under the Federal Fugitive Felon Act was that he was guilty of the kidnapping and murder, he was placed in double jeopardy when he was later tried in Ramsey County District Court for kidnapping.

We cannot agree with his contention. The law in this jurisdiction is that—

"* * * [b]efore defendant may avail himself of the plea of former jeopardy it is of course necessary that he show that the [second] prosecution [was] for *the identical act* and that the crime *both in law and fact* was settled by the first prosecution." State v. Fredlund, 200 Minn. 44, 48, 273 N. W. 353, 355, 113 A. L. R. 215.

See, also, State v. Thompson, 241 Minn. 59, 62 N. W. (2d) 512; State ex rel. Boswell v. Tahash, 278 Minn. 408, 154 N. W. (2d) 813. It is clear that the two prosecutions in the present case were not for the identical act. The first prosecution under the Federal Fugitive Felon Act was for the act of interstate flight to avoid prosecution, while the Minnesota prosecution was for the act of kidnapping. The acts of interstate flight to avoid prosecution and kidnapping are separate acts. Therefore, under our law the appellant has clearly not been held in double jeopardy.

The Federal constitutional standard is the same in that there can be no double jeopardy where the accused has committed two separate and distinct acts, each of which is a separate and distinct crime. Bullock v. United States (6 Cir.) 265 F. (2d) 683, certiorari denied, 360 U. S. 909, 79 S. Ct. 1294, 3 L. ed. (2d) 1260.

Affirmed.

Mr. Justice Rogosheske took no part in the consideration or decision of this case.