STATE of Minnesota, Respondent,

v.

Mary Lou ERICKSON and William E. Erickson, Appellants.

No. C1–84–1568.

Court of Appeals of Minnesota.

April 23, 1985.

---

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Nicole E. Nee, Smith, Juster, Feikema, Malmon & Haskvitz, Asst. City Pros., Fridley, for respondent.

Stephen R. Nicol, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Minneapolis, for appellants.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Appellants William and Mary Erickson were convicted of violating various public nuisance ordinances of the City of Fridley. On appeal they claim serialized prosecution, inadequate notice, and that the ordinance is vague and overbroad. We affirm.

## FACTS

The Ericksons live in a residential area within the City of Fridley. They have been involved in a dispute with the city for a number of years over the storage of lumber, iron, tires, wheels, engines, pipes, innertubes, bicycles, old drainage tile pipes, toys, cement blocks, and other items in their yard.

The city notified William Erickson in 1981 to abate the nuisance. He was convicted of maintaining a public nuisance in 1983, and the trial court ordered him to clean up the yard. Erickson did not comply, and the yard remained in the same condition in the spring of 1984. Both William and Mary Erickson were charged with nuisance violations on April 20, May 3, May 11, and May 25, 1984. The trial court dismissed the public nuisance charge against Mary Erickson because she had not received notice to abate the nuisance. William Erickson was convicted of maintaining a public nuisance and violating a refuse container ordinance; Mary Erickson was convicted of violating the refuse container ordinance.

## ISSUES

1. Was the prosecution of William Erickson a serial prosecution proscribed by Minn.Stat. § 609.035 (1984)?

2. Did William Erickson receive sufficient notice to abate the nuisance?

3. Is the Fridley refuse container ordinance unconstitutionally vague or overbroad?

## ANALYSIS

### I

■ The protection of Minn.Stat. § 609.-035 (1984) applies to criminal prosecutions for municipal ordinance violations. *State v. White*, 300 Minn. 99, 102–03, 219 N.W.2d 89, 91 (1974). Section 609.035 provides:

[I]f a person's conduct constitutes more than one offense under the laws of this state, he may be punished for only one of the offenses and a conviction or acquittal of any one of them is a bar to prosecution for any other of them. All the offenses, if prosecuted, shall be included in one prosecution which shall be stated in separate counts.

■ Nuisance, however, is a continuing offense. Thus, "[r]epeated prosecutions may proceed over claims of double jeopardy until the nuisance is abated." *Martin v. Municipal Court*, 148 Cal.App.3d 693, 698, 196 Cal.Rptr. 218, 221 (Cal.Ct.App.1983). This rule comports with the public policy served by nuisance ordinances. Erickson's prosecution on a series of nuisance charges, therefore, does not violate Minn. Stat. § 609.035.

### II

William Erickson argues that under the Fridley ordinance no prosecution may lie unless a notice to abate is sent. The ordinance provides:

1. Written notice shall be issued to the owner or occupant requiring the termination or abatement of said nuisance or to remove such conditions or remedy such defects;

2. Service of said notice shall be in person or by mail;

\*     \*     \*     \*     \*     \*

4. If the nuisance is not abated within ten (10) days \* \* \* the City official shall issue a code violation citation to the notified owner or occupant.

City of Fridley, Minn., Ordinance § 110.03.

■ It is undisputed that no new notice was sent to Erickson for the 1984 violations. However, Erickson received written notice of the 1983 violation, was convicted, and allowed the nuisance to continue in the same condition through the dates on which the 1984 charges were made. Had he brought the property into compliance after receiving the 1983 notice to abate and then let it deteriorate, a new notice would be required. Here, however, to say that he lacked notice is to ignore the record.

### III

■ The Ericksons challenge the refuse container ordinance as unconstitutionally vague or overbroad. This ordinance reads:

The occupant of any private dwelling * * * and any other person having refuse as herein defined, shall provide and keep on such premises sufficient containers for the storage of all refuse accumulated on the premises between disposal or collection. Each such container shall be durable, watertight, shall have a tight fitting lid, shall be impervious to insects, rodents, vermin and absorption of moisture, shall be fireproof, such as galvanized metal containers and shall not exceed 32 gallons in size unless approved by the City of Fridley. All refuse on any premises shall be stored in the containers required herein except if the same may be immediately consumed or disposed of on such premises in an incinerator of a type approved by the City of Fridley.

City of Fridley, Minn., Ordinance § 113.02. The ordinance is similarly specific in defining garbage, refuse, rubbish, swill, and waste matter, *see id.* § 113.01, and thus is not unconstitutionally vague or overbroad. *See generally City of Mankato v. Fetchenhier,* 363 N.W.2d 76 (Minn.Ct.App.1985).

### DECISION

Appellants' convictions are affirmed.

Affirmed.