Ernesto **LONGORIA**, petitioner,
Appellant,

v.

**STATE of Minnesota, Respondent.**

**No. A07–1317.**

Court of Appeals of Minnesota.

May 13, 2008.

Lawrence Hammerling, Chief Appellate Public Defender, Richard Schmitz, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, Susan Gaertner, Ramsey County Attorney, Mark Nathan Lystig, Assistant County Attorney, St. Paul, MN, for respondent.

Considered and decided by CONNOLLY, Presiding Judge; STONEBURNER, Judge; and MINGE, Judge.

## OPINION

CONNOLLY, Judge.

Appellant Ernesto Longoria challenges his conviction under Minn.Stat. § 243.166 (Supp.2005). He argues that the law does not apply to him because the ten-year period of conditional release under the statute became effective only for crimes that occurred on or after August 1, 2005, and he had moved without registering before that date. We affirm.

## FACTS

Appellant, based on his criminal history, is required to register as a predatory offender under Minn.Stat. § 243.166 (Supp. 2005). On August 29, 2005, the St. Paul Police Department went to the address on Robie Street that was registered by appellant as his current address. Upon their arrival, they were informed by another tenant that appellant had not been there for several months, and his room was empty. Appellant was charged with violating the predatory-offender-registration statute, and he pleaded guilty to that charge. Minn.Stat. § 243.166. At his plea hearing, appellant provided a factual basis for his plea. The following exchange occurred:

THE PROSECUTOR: Mr. Longoria, you are required to register as a sex offender, correct?

THE DEFENDANT: Yes, Ma'am.

THE PROSECUTOR: And at some point in May, did you register at an address on Robie in the City of St. Paul, Ramsey County?

THE DEFENDANT: Yes, Ma'am, I did.

THE PROSECUTOR: And a level-three notification meeting was held in June for that address, right?

THE DEFENDANT: Yes, it was.

THE PROSECUTOR: And at some point in August you stopped living there, is that correct?

THE DEFENDANT: Yes, it was.

THE PROSECUTOR: In fact, on August 29, 2005, you were not living there, were you?

THE DEFENDANT: Correct.

THE PROSECUTOR: And you had not registered any new address with the police department, correct?

THE DEFENDANT: No, I hadn't.

Appellant now claims that he was confused at the plea hearing, and he had actually moved months before August 1, 2005.

Appellant was sentenced to 13 months in prison with ten years of conditional release. One year later, appellant filed a motion for sentence modification. He ar-

gued that it was an error to sentence him to ten years of conditional release because his crime was committed before August 1, 2005, the date that Minn.Stat. § 243.166, subd. 5(a), took effect. The district court denied appellant's motion for postconviction relief, concluding that the violation of the statute is a continuing offense. This appeal follows.

## ISSUE

Did the district court abuse its discretion by denying appellant's motion for postconviction relief by holding that a violation of Minn.Stat. § 243.166 (Supp.2005) is a continuing offense?

## ANALYSIS

■ "The decisions of a postconviction court will not be disturbed unless the court abused its discretion." *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). Statutory construction, however, is a question of law, which this court reviews de novo. *Brookfield Trade Ctr., Inc. v. County of Ramsey,* 584 N.W.2d 390, 393 (Minn. 1998).

■ A postconviction petitioner bears the burden of alleging and proving by a fair preponderance of the evidence facts that would warrant a decision to reopen the case. *Hummel v. State,* 617 N.W.2d 561, 564 (Minn.2000). Appellant alleges in his petition for postconviction relief that he moved before August 1, 2005, and therefore Minn.Stat. § 243.166, subd. 5(a), is not applicable to him. He also argues that he is entitled to have a jury determine when he actually moved. *See State v. Robinson,*

480 N.W.2d 644, 646 (Minn.1992) (holding that the issue of whether defendant's conduct occurred before or after the effective date of a recently enacted repeat-offender statute was properly a question for the jury).[1] The district court denied appellant's motion for postconviction relief, concluding that appellant violated the statute on August 29, 2005, by residing somewhere other than Robie Street without registering the new address.

■ The district court based its decision on its determination that failing to register under the predatory-offender-registration statute is a continuing offense. Under that theory, appellant continued to be in violation each day that he was no longer living at the Robie Street address until he registered his new address. Whether a violation of the predatory-offender-registration statute is a continuing offense is an issue of first impression in Minnesota. This is a matter of statutory construction that is reviewed de novo by this court. *Brookfield Trade Ctr., Inc.,* 584 N.W.2d at 393.

■ Appellant cites caselaw stating that "a crime is not continuing in nature if not clearly so indicated by the legislature." *State v. Lawrence,* 312 N.W.2d 251, 253 (Minn.1981). But such an indication need not be given through an explicit statement.[2] Words and phrases are given their plain and ordinary meaning, and the court assumes that the legislature does not intend absurd or unreasonable results. *In re Kleven,* 736 N.W.2d 707, 709 (Minn.App. 2007). As respondent points out, failing to interpret violation of the predatory-offend-

---

1. However, in this instance appellant waived his right to a jury trial on all elements of the crime when he pleaded guilty. Moreover, when he moved is not an aggravating factor for purposes of sentencing. Therefore, he was also not entitled to a *Blakely* trial.

2. In 1981, the Minnesota Supreme Court concluded that receiving stolen property is a continuing offense. *Lawrence,* 312 N.W.2d at 253. There was nothing in the statute that explicitly stated that receiving stolen property is a continuing offense. Minn.Stat. § 609.53, subd. 1(1) (1980).

er-registration statute as a continuing offense leads to absurd results.

For instance, consider the hypothetical case of an offender who is required under Minn.Stat. § 243.166 to register for ten years but moves from his registered address at the end of the first year of the registration period without filing a change of registration with the proper authorities. Under the statute, he is in violation five days before he actually moves. *See* Minn. Stat. § 243.166, subd. 3(b) ("Except as provided in subdivision 3(a), at least five days before the person starts living at a new primary address, including living in another state, the person shall give written notice of the new primary address to the assigned corrections agent or to the law enforcement authority with which the person currently is registered.") Under appellant's theory, if that first day of failing to register is the only day that he is in violation of the statute, then, assuming a three-year statute of limitations, four years later he cannot be charged with a crime. Under that theory, for the next six years, the offender is required by law to register, but he cannot be charged with a statutory violation for failing to do so. This would clearly be an absurd result and not what the legislature intended.

Furthermore, the Minnesota Supreme Court has addressed what conduct is prohibited by the statute. The prohibited conduct is that of an "identified predatory offender residing *or* moving without maintaining a current address registration with the proper authorities." *State v. Jones,* 729 N.W.2d 1, 6 (Minn.2007) (emphasis added). Based on this language, it is a violation of the statute to move without registering, but it is also a violation to reside at an address without registering. Therefore, appellant was in violation of the statute when he moved, and he was also in violation when he resided somewhere other than Robie Street without notifying the proper authorities. The district court correctly summarized how to interpret the statute when it stated:

Petitioner's argument suggests that the date of offense is only the date that the petitioner actually moved from the registered residence or, alternatively, five days earlier when he was required to give notice of his impending move. However, the statute is broader than petitioner's proposed application and requires not only the notice to move, but places a continuing requirement on a defendant to register his place of residence. The offense is a continuing one until such time as a defendant properly registers, as required by the statute. Accordingly, even if petitioner was in violation of the statute by moving from the Robie address prior to August 1, 2005, he continued to be in violation each and every day thereafter until such time as he properly registered. Under the registration statute, the state is only required to establish the element of non-registration on any particular date, as opposed to establishing the date upon which a defendant moved.

## DECISION

Because violation of the predatory-offender-registration statute is an offense that continues as long as the person required to register fails to do so, appellant was correctly sentenced to 13 months in prison and ten years of conditional release.

**Affirmed.**