**STATE of Minnesota, Respondent,**

v.

**Kelly Marie RASMUSSEN, Appellant.**

No. A07–431.

Court of Appeals of Minnesota.

May 27, 2008.

Lori Swanson, Attorney General, St. Paul, MN; and Rolf H. Nycklemoe, Fergus Falls City Attorney, Fergus Falls, MN, for respondent.

Lawrence Hammerling, Chief Appellate Public Defender, Paul J. Maravigli, Assistant Public Defender, St. Paul, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; LANSING, Judge; and JOHNSON, Judge.

## OPINION

JOHNSON, Judge.

After being stopped by a Fergus Falls police officer, Kelly Marie Rasmussen was charged with third-degree driving while impaired. She moved to suppress evidence arising from the traffic stop, but the district court denied the motion. The case was submitted to the district court on stipulated facts pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn.1980), and the district court found Rasmussen guilty.

On appeal, Rasmussen argues both that she did not waive her right to a jury trial and that the district court erred when it denied her motion to suppress evidence. We conclude that Rasmussen did not waive her right to a jury trial and, thus, reverse her conviction and remand to the district court. We further conclude, in light of our resolution concerning her right to a jury trial, that she is not entitled at this time to appellate review of the district court's denial of her motion to suppress evidence.

## FACTS

On April 6, 2006, at approximately 2:00 a.m., Officer Andrew A. Olson of the Fergus Falls Police Department was driving behind a vehicle when he noticed that its high, center-mounted brake light did not work when the driver applied the brakes. Thus, Officer Olson stopped the car, which was being driven by Rasmussen. When Officer Olson approached Rasmussen, he noticed the odor of alcohol coming from inside the car. He also noticed that Rasmussen had bloodshot and watery eyes, and he detected a slight slowness to her speech. Officer Olson administered a preliminary breath test, which revealed an alcohol concentration of 0.144. Rasmussen was arrested and transported to the Otter Tail County Detention Facility, where she was read the implied-consent advisory. She consented to a breath test, which registered an alcohol concentration of 0.14. Rasmussen was charged with two counts of third-degree driving while impaired (DWI), in violation of Minn.Stat. § 169A.20, subd. 1(1), (5) (2004), in light of a prior DWI conviction.

Prior to trial, Rasmussen moved to suppress evidence obtained as a result of Officer Olson's stop of her car. She argued that the traffic stop was improper because she had two operable brake lights, which she maintains is sufficient to comply with Minn.Stat. § 169.57, subd. 1(a) (2004), notwithstanding the fact that her third brake light was inoperable. The district court denied Rasmussen's motion to suppress.

The case was submitted to the district court on stipulated facts pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980). The district court issued its written findings of fact, conclusions of law, and order, finding Rasmussen guilty on both counts. The district court sentenced her to 180 days in jail, with work- and school-

release privileges, with 150 days stayed for six years. Rasmussen appeals.

## ISSUES

I. Did Rasmussen waive her right to a jury trial?

II. May Rasmussen obtain accelerated appellate review of the district court's denial of her pretrial motion to suppress evidence in light of her successful argument that she did not waive her right to a jury trial?

## ANALYSIS

### I.

The United States and Minnesota constitutions provide a criminal defendant with the right to a jury trial. U.S. Const. amend. VI; Minn. Const. art. I, § 6. In Minnesota state courts, "The defendant, with the approval of the court may waive jury trial ... provided the defendant does so personally in writing or orally upon the record in open court, after being advised by the court of the right to trial by jury and after having had an opportunity to consult with counsel." Minn. R.Crim. P. 26.01, subd. 1(2)(a).

■ Rasmussen argues that she did not waive her right to a jury trial. There is nothing in the trial transcript reflecting a waiver of her right to a jury trial. The prosecutor conducted a colloquy to elicit Rasmussen's waivers of her rights to testify at trial, to require the state to call witnesses to prove its case, to cross-examine the state's witnesses, and to call witnesses favorable to her defense. But the prosecutor omitted any mention of the right to a jury trial. Thus, the district court record falls far short of the requirements of Minn. R.Crim. P. 26.01, subd. 1(2)(a), not to mention the constitutional requirements that a waiver of the right to a jury trial be "knowing, intelligent and voluntary," *State v. Ross,* 472 N.W.2d 651, 653 (Minn.1991). Rasmussen's attorney's invocation of the *Lothenbach* procedure is not a substitute for Rasmussen's valid personal waiver. *State v. Sandmoen,* 390 N.W.2d 419, 423 (Minn.App.1986).

■ The state argues only that the district court was not required to obtain a waiver of the right to a jury trial because that right is not mentioned in Minn. R.Crim. P. 26.01, subd. 3, which provides for a trial on stipulated facts. But this argument is inconsistent with the district court record. Rasmussen's attorney began the trial by stating, "Your Honor, we're going to submit this as a *Lothenbach.*" In *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980), the supreme court approved a procedure similar in function to a conditional guilty plea, which may be utilized if a defendant, among other things, "waive[s] his right to a jury trial." *Id.* at 857. Furthermore, in an opinion issued after this case was fully briefed, this court held that a *Lothenbach* procedure requires a waiver of both the right to a jury trial and all rights specified in subdivision 3 of rule 26.01. *State v. Knoll,* 739 N.W.2d 919, 921 (Minn.App. 2007).[1] Thus, the district court was re-

---

**1.** At the time of Rasmussen's plea hearing, the *Lothenbach* procedure was reflected in two provisions within Minn. R.Crim. P. 26.01— subdivision 1(2)(a), which concerns waivers of the right to a jury trial, and subdivision 3, which concerns trials on stipulated facts. *Knoll,* 739 N.W.2d at 922. Effective April 1, 2007, the *Lothenbach* procedure is reflected in a new subdivision 4, which is captioned "Stipulation to Prosecution's Case to Obtain Review of a Pretrial Ruling." The rules committee's comments state, after referring to *Lothenbach,* that subdivision 4 "supersedes the case as to the procedure for stipulating to the prosecution's case to obtain review of a

quired to obtain a waiver of Rasmussen's right to a jury trial.

In sum, Rasmussen did not waive her right to a jury. Thus, her conviction must be reversed, and the case must be remanded.

## II.

■ Rasmussen's second argument on appeal is that the district court erred by denying her pretrial motion to suppress evidence. This argument raises the procedural question whether we may address Rasmussen's Fourth Amendment argument in light of our conclusion that she did not waive her right to a jury trial.

The general rule in criminal cases is that a defendant may obtain appellate review after a conviction and the imposition of a sentence. Minn. R.Crim. P. 28.02, subd. 2(1). Accordingly, the traditional rule was that a defendant could not appeal a pretrial ruling, such as the denial of a motion to suppress evidence, and could not reserve such issues for appeal by pleading guilty. *See McLaughlin v. State*, 291 Minn. 277, 280–81, 190 N.W.2d 867, 870–71 (1971). As the United States Supreme Court stated, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). Thus, "defendants wishing to obtain appellate review of pretrial decisions to suppress evidence [did] not [have] the option of pleading guilty but [were] forced to enter not pretrial ruling." Minn. R.Crim. P. 26.01,

guilty pleas and go to trial." *Lothenbach*, 296 N.W.2d at 857.

In *Lothenbach*, however, the supreme court recognized an exception to the traditional rule. The court held that a defendant could challenge pretrial suppression rulings without going through a complete trial by "enter[ing] a plea of not guilty, *waiv[ing] his right to a jury trial*, and then stipulat[ing] to the prosecution's case." *Id.* (emphasis added). If, on appeal, a defendant utilizing this procedure were successful in obtaining the suppression of evidence, on remand the "defendant would be entitled to withdraw his plea, plead not guilty, and either stipulate to the state's case or put the state to the expense of a trial." *Id.* at 858.

■ Rasmussen invoked the *Lothenbach* procedure in the district court. But her desire to obtain appellate review of the district court's pretrial suppression ruling is inconsistent with her contemporaneous assertion of her right to a jury trial. Waiving the right to a jury trial is an express condition of the *Lothenbach* procedure and, thus, a prerequisite to accelerated appellate review of a pretrial suppression ruling. *Id.* at 857. By arguing that she did not waive her right to a jury trial, Rasmussen has withdrawn one of the conditions of immediate appellate review of the suppression issue. In practical terms, she seeks to have it both ways. After entering into a *quid pro quo* agreement with the prosecution and the judiciary, she now seeks to renounce the *quid* but retain the *quo*.

In prior cases, this court has resolved this procedural issue in different ways. In *State v. Knoll*, 739 N.W.2d 919 (Minn.App. 2007), we stated that the district court's denial of a suppression motion was "not properly before this court" because we had

subd. 4 cmt.

resolved the defendant's first argument by concluding that he had not validly waived certain rights pursuant to rule 26.01. *Id.* at 922. But in *State v. Bunce,* 669 N.W.2d 394 (Minn.App.2003), *review denied* (Minn. Dec. 16, 2003), after concluding that the defendant did not properly waive his right to a jury trial, we nonetheless reviewed the district court's denial of a suppression motion "in the interests of judicial economy ... because of the effect a ruling on that issue will have on the case on remand." *Id.* at 398. Similarly, in *State v. Balduc,* 514 N.W.2d 607 (Minn.App.1994), we reviewed a suppression ruling after concluding that the defendant did not validly waive his right to a jury trial. *Id.* at 611–12.

In each of these three cases, this court did not expressly consider in any detail whether it is proper in this situation to consider a pretrial suppression ruling if the appellant's right to a jury trial was violated. Having now squarely considered the question, we conclude that appellate review of the suppression ruling is inappropriate at this time. Rasmussen has not agreed to one of the necessary conditions of accelerated appellate review of the suppression issue. To review the denial of her pretrial suppression motion would be inconsistent with the supreme court's decision in *Lothenbach.* More specifically, to allow Rasmussen to obtain appellate review of both issues she has raised on appeal would create a broader exception to the traditional rule of *McLaughlin* than was recognized in *Lothenbach.*

Thus, we will not consider Rasmussen's argument that the district court erred by denying her pretrial motion to suppress evidence. *See Knoll,* 739 N.W.2d at 922. On remand, Rasmussen may consider again whether she wishes to be tried by a jury of her peers or wishes to waive that right.

## DECISION

Rasmussen did not waive her right to a jury trial, pursuant to Minn. R.Crim. P. 26.01, subd. 1(2)(a), and *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). Thus, her conviction must be reversed, and the case must be remanded.

A criminal defendant may obtain appellate review of a district court's pretrial denial of a motion to suppress evidence only pursuant to the procedure approved in *Lothenbach.* One of the prerequisites of the *Lothenbach* procedure is the valid waiver of the right to a jury trial. Because we have concluded that Rasmussen did not waive her right to a jury trial, we may not review the suppression ruling at this time.

We have reviewed and considered Rasmussen's supplemental pro se brief, and we conclude that it does not contain any additional grounds for reversal.

**Reversed and remanded.**