STATE of Minnesota, Respondent,

v.

Kevin D. EHMKE, Appellant.

No. A07–0824.

Court of Appeals of Minnesota.

July 15, 2008.

Lori Swanson, Attorney General, Tibor M. Gallo, Assistant Attorney General, St. Paul, MN, David J. Hauser, Otter Tail County Attorney, Fergus Falls, MN, for respondent.

Melissa Sheridan, Assistant Public Defender, Eagan, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; MINGE, Judge; and WRIGHT, Judge.

## OPINION

MINGE, Judge.

Appellant Kevin Dwaine Ehmke, formerly known as Kevin Dwaine Sandahl,[1] challenges his conviction of failure to register as a predatory offender on the grounds that (1) the matter was improperly venued in Otter Tail County; (2) his conviction violated the constitutional protection against double jeopardy; and (3) he was tried on stipulated facts pursuant to *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980) without a valid waiver. Because the district court did not err in determining that the prohibition against double jeopardy was not violated and that the matter was properly venued, we affirm on those issues. But because appellant did not personally waive the right to testify, we reverse his conviction and remand.

## FACTS

In 1991, appellant Ehmke was convicted of a sex offense in North Dakota and required to register as a predatory offender. On September 21, 1998, appellant moved to Minnesota and registered as a sex offender by completing the sex offender notification and registration form. He gave his name as "Kevin Dwaine Sandahl" and listed his address as "102 Central Avenue East, Clitherall, Minnesota," which is located in Otter Tail County. The form included the following language, which is in accord with Minn.Stat. § 243.166 (Supp. 2005):

I have been notified of my duty to register as a sex offender in accordance with Minn.Stat. 243.166. I understand that I must register for a period of ten years from the date that I was initially registered, or until my probation, supervised

---

1. Appellant legally changed his name in 2000 or 2001, when he was married in North Dakota.

release, or conditional release period expires, whichever occurs first. . . . I understand that I must register all changes of address at least 5 days prior to changing residence, including moving to another state. I will make this notification in writing to my current Minnesota or Federal corrections agent or, if I do not have a corrections agent, I must notify the law enforcement agency in the community in which I reside.

I understand that I am legally required to supply the requested data under Minn.Stat. 243.166. I also understand that failure to comply or to provide false information is a gross misdemeanor and any subsequent violation is a felony.

Appellant signed the form acknowledging these statements.

At some point, appellant moved back to North Dakota but did not register in the state. He lived at several other locations in North Dakota until he moved to Minneapolis in 2000. In November 2000, he was arrested on charges of failure to register as a sex offender and issuance of worthless checks and gave a Minneapolis address. In May 2001, he appeared in district court in Otter Tail County and gave a different Minneapolis address. He was convicted of failure to register as a sex offender and spent approximately 20 days in jail.

In May 2006, Otter Tail County Deputy Sheriff Al Frank was assigned to locate sexual predators who were not properly registered. Deputy Frank tracked appellant to cities in Minnesota, North Dakota, and Wisconsin. He eventually obtained an address for appellant in Eau Claire, Wisconsin. With the assistance of the local police department, appellant was arrested. Appellant was charged in Otter Tail County with failure as a predatory offender to register at a new residence.

Appellant requested an omnibus hearing and moved to dismiss the complaint, arguing that it was improperly venued and violated the double jeopardy clause. At the omnibus hearing, evidence was presented to show that appellant's most recent registration as a predatory offender was in 1998 for his Clitherall address in Otter Tail County. In 2000, the Minnesota Bureau of Criminal Apprehension (BCA) sent a verification letter to the Minneapolis address that appellant had given to the Otter Tail County sheriff's department at the time of the prior prosecution. That letter was returned as undeliverable. BCA address-verification letters sent to appellant at the Clitherall address in 2001, 2002, 2003, 2004, and 2005 were also returned as undeliverable.

During his testimony at the omnibus hearing, appellant claimed that he thought he had met the registration requirements when he informed Otter Tail County authorities of his Minneapolis address upon his release from jail in 2001. But on cross-examination, appellant generally agreed that although he had recently taken up residence in Wisconsin, he did not provide any Wisconsin address to authorities. After the omnibus hearing, the district court denied appellant's motion to dismiss.

Appellant waived his right to a jury trial and agreed to submit the matter to the district court as a *Lothenbach* stipulated-facts trial. After finding appellant guilty, the district court granted his motion for a dispositional departure, stayed imposition of the presumptive 24–month sentence, and placed him on probation for five years. This appeal follows.

## ISSUES

I. Did the district court err in denying appellant's motion to dismiss the complaint for lack of venue?

II. Did the district court err in denying appellant's motion to dismiss the complaint on double jeopardy grounds?

III. Did appellant validly waive his right to testify and agree to proceed under *Lothenbach*?

IV. Does appellant's successful challenge to the *Lothenbach* proceeding preclude the considerations of venue and double jeopardy issues?

## ANALYSIS

### I.

█ The first issue is whether the venue of this proceeding in Otter Tail County violates appellant's constitutional right to be tried where the offense occurred. Appellant argues that the district court erred in denying his motion to dismiss for lack of proper venue. He asserts that Otter Tail County was not the proper venue to prosecute this offense because he has not resided there since he was released from jail after serving his sentence for his 2001 conviction. .

█ A defendant is guaranteed the right to be tried in the county or district court where the crime allegedly occurred. U.S. Const. amend. VI; Minn. Const. art. 1, § 6; *see also* Minn.Stat. § 627.01, subd. 1 (2004). This guarantee acts as a safeguard against unfairness and hardship that may occur when an accused is prosecuted in a remote place. *State v. Eibensteiner*, 690 N.W.2d 140, 149 (Minn.App.2004), *review denied* (Minn. Mar. 15, 2005); *State v. Blooflat*, 524 N.W.2d 482, 484 (Minn. App.1994). Venue is an element of an offense that must be proved beyond a reasonable doubt. *State v. Larsen*, 442 N.W.2d 840, 842 (Minn.App.1989).

Appellant asserts that after the earlier failure-to-register offense for which he was prosecuted, he did not commit any crime in Otter Tail County. He notes that when he was released from jail in 2001, he informed the Otter Tail County sheriff's department that he would be living at an address in Minneapolis and that the record showed that he then lived at that address. Appellant contends that the statute merely required him to register with a "law enforcement agency" in the location he was leaving, and he suggests that he complied with that requirement. He also suggests that his obligation was to notify Hennepin County authorities, not Otter Tail County authorities, when he moved to Wisconsin.

The registration statute includes specific requirements regarding the contents of registration and the information to be provided; these requirements include registering all changes of address at least five days prior to changing residence and making the notification in writing to an assigned correctional agent or if no agent has been assigned, then to the law enforcement agency in the community in which the person resides. *See* Minn.Stat. § 243.166, subds. 4, 4a (Supp.2005). Here, the state presented uncontroverted evidence that appellant completed the registration form only once in 1998 to Otter Tail County authorities for the Clitherall address. The record thus fails to support appellant's current claim that because he provided information regarding his Minneapolis address to the Otter Tail County sheriff's department, he satisfied the requirements of the registration statute and that Otter Tail County no longer had a nexus to his case.

█ Minn.Stat. § 243.166, subd. 10 (Supp.2005) provides that a violation of the failure to register may be prosecuted "in any jurisdiction where an offense takes place." The statute also provides that if there are two or more offenses in different counties, a person may be prosecuted for all the offenses in any county in which one of the offenses was committed; the statute further requires the prosecutor in the county where the person last registered to be responsible initially to review the case

for prosecution. *Id.* Because appellant was last registered in Otter Tail County and because each move related back to that as the only residence of record, the district court did not err in determining that the matter was properly venued in Otter Tail County and in denying appellant's motion to dismiss.

## II.

■ The second issue is whether the conviction violates the constitutional protection against double jeopardy. Appellant argues that his current conviction for failing to register is based on the same act of failing to register for which he was convicted in 2001 and that it therefore violates the prohibition against double jeopardy. The district court rejected appellant's argument, concluding that the present offense is based upon appellant's noncompliance with the registration requirements as of June 22, 2006, while the prior prosecution was based upon his noncompliance as of April 5, 2000.

■ This court reviews constitutional double jeopardy claims de novo. *State v. Leroy,* 604 N.W.2d 75, 77 (Minn.1999). Both the United States and Minnesota constitutions prohibit a person from being put in jeopardy twice for the same offense. U.S. Const. amend. V; Minn. Const. art. I, § 7; *see also* Minn.Stat. § 609.035, subd. 1 (2004). This prohibition protects a criminal defendant from "three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense." *State v. Humes,* 581 N.W.2d 317, 320 (Minn.1998).

The registration statute provides that "at least five days before the person starts living at a new primary address, including living in another state, the person shall give written notice of the new primary address to the assigned corrections agent or to the law enforcement authority with which the person is currently registered." Minn.Stat. § 243.166, subd. 3(b) (Supp. 2005). In this case, the only time appellant registered or provided "written notice" was in 1998, when he completed the registration form listing his Clitherall address in Otter Tail County.

Appellant nevertheless asserts that the 2001 conviction and the current offense both involve the same alleged violation of failing to notify Otter Tail County authorities when he moved in late 1998. He argues that he can be convicted only once for failing to register his move from Otter Tail County; he further argues that the statute is violated if a person fails to register five days before he moves from that address, which is a single act that occurs at a finite moment in time. He insists that because he was already convicted for committing that single act, he cannot be convicted of it again.

The state counters that appellant incorrectly relies on the test articulated in *Blockburger v. United States,* which pertains to one unlawful act violating two distinct statutory provisions. 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932) ("Here there was but one sale, and the question is whether, both sections being violated by the same act, the accused committed two offenses or only one."). But the issue presented here involves whether appellant's repeated violations of the registration statute can be prosecuted separately. *See Lupino v. State,* 285 Minn. 507, 508, 171 N.W.2d 710, 712 (1969) (stating "there can be no double jeopardy where the accused has committed two separate and distinct acts, each of which is a separate and distinct crime"). Separate prosecutions are not barred when the offense is continuous and the defendant commits the same violation multiple times.

*See, e.g., State v. Sweet,* 179 Minn. 32, 33–34, 228 N.W. 337, 337 (1929) (upholding multiple prosecutions for abandoning child); *State v. Wood,* 168 Minn. 34, 37–38, 209 N.W. 529, 530 (1926) (holding that failure to provide child support is continuous offense); *State v. Erickson,* 367 N.W.2d 539, 540 (Minn.App.1985) ("repeated prosecutions [for nuisance] may proceed over claims of double jeopardy until the nuisance is abated.") (quotation omitted).

■ The predatory-offender-registration requirement is a continuing obligation. *See Longoria v. State,* 749 N.W.2d 104, 106–07 (Minn.App.2008), *pet. for rev. filed* (Minn. June 12, 2008). In particular, the statute plainly requires a person to provide written notice and register each time he changes his primary address. Minn. Stat. § 243.166, subd. 3(b). Thus, a person has a continuing duty to register and comply with the terms of the statute each time he moves. Because appellant's duty was ongoing, his repeated failures to register constitute separate and distinct offenses.

While appellant claims that he moved from the Otter Tail County address once and that he never moved back to Otter Tail County, his duty to register arose every time he changed his primary address. Acceptance of appellant's position would lead to an absurd result because it would mean that the conviction for failure to register in 2001 would insulate him from prosecution for failing to register on each subsequent change of residence. As the state notes, such a result is contrary to the registration statute and the statutory goal of creating "an offender registry to assist law enforcement with investigations." *Boutin v. LaFleur,* 591 N.W.2d 711, 717 (Minn.1999). We conclude that the district court did not err in denying appellant's motion to dismiss the complaint on double jeopardy grounds.

## III.

■ The third issue is whether appellant's consent to trial on the basis of stipulated facts violated his constitutional right to testify. Appellant argues that his waiver of his right to a jury trial was not knowing or intelligent because he was not informed of and did not specifically waive his right to testify in his own defense. Appellant acknowledges that his waiver of his right to a jury trial was made "personally" and "orally" upon the record in open court after being advised by the district court of the right to a jury trial and after having consulted with counsel, as required by Minn. R.Crim. P. 26.01, subd. 1(2)(a). But he claims that because his fundamental right to testify at trial was never discussed or mentioned on the record, his waiver is invalid under Minn. R.Crim. P. 26.01, subd. 3.

The state asserts that because this was a *Lothenbach* proceeding and not a stipulated-facts trial, his waiver of a jury trial did not need to conform to the procedures for a trial on stipulated facts, as set out in Minn. R.Crim. P. 26.01, subd. 3 (requiring personal waiver of specific rights, one of which includes the right to testify). Recently this court held that a defendant must expressly waive the fundamental rights set out in Minn. R.Crim. P. 26.01, subd. 3, even in a *Lothenbach* proceeding.[2] *See State v. Knoll,* 739 N.W.2d 919, 921–22 (Minn.App.2007) (determining that reversal is required when record of *Lothenbach* procedure fails to include specific waiver

---

**2.** Indeed, effective April 1, 2007, the rules of criminal procedure now require *Lothenbach* proceedings to include waivers equivalent to those specified in subdivision 3. *See* Minn. R.Crim. P. 26.01, subd. 4. This subdivision codifies the *Lothenbach* procedure. Appellant's trial was held prior to the effective date of the rule.

by defendant of rights to testify at trial, to confront witnesses against him, and to subpoena favorable witnesses). Thus, when the record fails to establish a valid waiver of the rights specified in rule 26.01, subd. 3, which includes the right to testify, a new trial is necessary. *Id.; see also State v. Halseth,* 653 N.W.2d 782, 786 (Minn.App. 2002) (granting new trial when record lacked waiver of defendant's right to testify).

■ The state asserts that appellant's waiver of his right to testify can be presumed because appellant was extensively questioned on the record by both counsel and by the district court. But *Knoll,* which was decided after briefing was completed in this appeal, specifically rejected such an argument and determined that an explicit waiver must occur. In addition, we note that the presumption of such an implied waiver does not apply to a "trial [under rule 26.01] in which the waiver to testify must be in writing or on the record." *In re Welfare of M.E.M.,* 674 N.W.2d 208, 214 (Minn.App.2004). Moreover, this court has repeatedly stated that the waiver requirements of rule 26.01 are strictly construed. *See, e.g., Halseth,* 653 N.W.2d at 784; *State v. Sandmoen,* 390 N.W.2d 419, 423–24 (Minn.App.1986). Based on *Knoll* and this other caselaw, we reverse and remand.

## IV.

Finally, we address the issue of whether appellant's successful challenge to this *Lothenbach* proceeding precludes him from raising the venue and double jeopardy issues. Recently, this court concluded that if a criminal defendant challenges the adequacy of waivers incident to use of the *Lothenbach* procedure, this court on appeal will not resort to considerations of judicial economy to consider pretrial rulings on motions to suppress evidence. *State v. Rasmussen,* 749 N.W.2d 423, 427–28 (Minn.App.2008). The *Rasmussen* decision was limited to pretrial evidentiary rulings. *Id.* at 427. Here, appellant has raised venue and double jeopardy questions. We decline to extend *Rasmussen* beyond its facts. We also note that *Rasmussen* did not address this court's discretion to consider issues in the interests of justice. Our rules expressly recognize our discretion to consider such matters. Minn. R.App. P. 103.04. In this appeal, we conclude that appellant's success on the *Lothenbach* issue does not preclude us from addressing the venue and double jeopardy issues.

## DECISION

In this appeal, we reach the issues of venue and double jeopardy. We conclude the district court did not err in denying appellant's motion to dismiss for lack of proper venue or on double jeopardy grounds. But because appellant's waiver of his right to a jury trial did not include a specific waiver of his right to testify, we reverse and remand for further proceedings consistent with this decision.

**Affirmed in part, reversed in part, and remanded.**