*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0549**

State of Minnesota,
Respondent,

vs.

Emmanuel Maker Galuak,
Appellant.

**Filed March 23, 2015
Reversed and remanded
Connolly, Judge**

Clay County District Court
File No. 14-CR-12-2881

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Brian J. Melton, Clay County Attorney, Moorhead, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Worke, Judge; and Connolly, Judge.

## U N P U B L I S H E D   O P I N I O N

**CONNOLLY**, Judge

Appellant challenges his convictions of aggravated robbery, terroristic threats, and theft, arguing that defects in the stipulated-facts trial on his guilt require reversal and

remand for a new trial. Respondent agrees with this position. We reverse and remand for a new trial.

## FACTS

On August 8, 2012, in Moorhead, Minnesota, appellant Emmanuel Galuak, then 20, pointed a fake pistol at a man who was getting into his car in a parking lot, demanded and received the keys, drove the car to Fargo, North Dakota, crashed it, and was arrested. He was charged with one count of aggravated robbery, one count of terroristic threats, and two counts of theft, to which he pleaded not guilty.

Prior to trial, appellant asserted a mental-illness defense. His trial was bifurcated, with the first phase addressing appellant's guilt and the second phase addressing the mental-illness defense. The district court determined that appellant had waived his right to a jury trial on his guilt and conducted a stipulated-facts trial. Appellant was found guilty of aggravated robbery, terroristic threats, and one count of theft.

After the second phase of the trial, the district court determined that appellant failed to establish a mental-illness defense.

The remaining count of theft was dismissed at the sentencing hearing, and appellant was sentenced to 58 months in prison for aggravated robbery and a concurrent 13 months for terroristic threats. Appellant argues that the first phase of his trial did not comply with Minn. R. Crim. P. 26.01.

## D E C I S I O N

"The interpretation of the rules of criminal procedure is a question of law subject to de novo review." *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005). Appellate courts

2

have "repeatedly stated that the waiver requirements of [Minn. R. Crim. P.] 26.01 are strictly construed." *State v. Ehmke*, 752 N.W.2d 117, 123 (Minn. App. 2008).

Minn. R. Crim. P. 26.01, subd. 3, governs trials on stipulated facts and provides that

> (a)    [T]he defendant must acknowledge and personally waive the rights to:
>
> (1) testify at trial;
> (2) have the prosecution witnesses testify in open court in the defendant's presence;
> (3) question those prosecution witnesses; and
> (4) require any favorable witnesses to testify for the defense in court.
>
> (b)    The . . . waiver must be in writing or be placed on the record.

The record makes it clear that appellant was not informed of these rights and did not waive them. Failure to acknowledge and waive any one of the four rights requires reversal. *State v. Antrim*, 764 N.W.2d 67, 70-71 (Minn. App. 2009) (reversing and remanding without addressing the pretrial issue that was preserved for review, where defendant had not validly waived his right to require favorable witnesses to testify).

Appellant also argues that the proceeding was not a valid stipulated-facts trial under Minn. R. Civ. P. 26.01, subd. 3, because appellant did not stipulate to facts but submitted a packet of information that contained disputed events. *See Dereje v. State*, 837 N.W.2d 714, 720-21 (Minn. 2013), *cert. denied* 134 S. Ct. 1772 (2014). Because a reversal and remand is required where the waiver of trial rights is invalid, we note that, for purposes of remand, the supreme court has made it clear that "the submission of

3

documentary evidence presenting contradictory versions of events cannot constitute a valid trial on stipulated facts." *Id.* at 721. A proper stipulated-facts trial under subdivision 3 requires "agreement between opposing parties regarding the actual event or circumstance." *Id.* at 720.

In addition to challenging these procedural flaws that occurred during the first phase of the trial, appellant has raised a challenge to the district court's finding, after the second phase of trial, that appellant failed to meet his burden of proving the defense of mental illness. Because a valid finding of guilt is a prerequisite to considering mental illness in phase two, we do not address appellant's assertions of error regarding his mental-illness defense in phase two.

Reviewing courts "interpret court rules in accordance with the rules of grammar and give words and phrases their common and approved usage." *Id.* (quoting *State v. Hohenwald*, 815 N.W.2d 823, 829 (Minn. 2012)). According to the rules, when a defendant gives notice of both a not-guilty-by-reason-of-mental-illness defense and a not-guilty defense, "the court must separate the two defenses." Minn. R. Crim. P. 20.02, subd. 7(a); *see also State v. Brom*, 463 N.W.2d 758, 760 (Minn. 1990). The first phase is limited to whether the court or jury finds that "the elements of the offense have been proved beyond a reasonable doubt." Minn. R. Crim. P. 20.02, subd. 7(c). The rules explicitly provide that the defense of mental illness or deficiency is only tried "[i]f the defendant has been convicted in the guilt phase." *Id.* The rules do not permit consideration of the mental-illness phase until after a finding of guilt. *See State v. Brink*, 500 N.W.2d 799, 802 (Minn. App. 1993) (noting that, under the bifurcated procedure in

4

the rules, the state must prove the elements of the offense before the defense of mental illness is tried). Given the invalid waiver under Rule 26.01, we are required to reverse the finding of guilt. Accordingly, the question of whether the district court properly rejected appellant's mental-illness defense is an issue that we can decide only if appellant is properly convicted in the guilt phase.

Because we are reversing appellant's conviction, we do not address his challenge to the sentence.

Appellant's conviction is reversed and the matter is remanded for trial.

**Reversed and remanded.**