STATE of Minnesota, Appellant,

v.

David Francis COUGHLIN,
Respondent.

No. A07–239.

Court of Appeals of Minnesota.

May 22, 2007.

Lori Swanson, Attorney General, Peter R. Marker, Assistant Attorney General, St. Paul, MN, and Douglas L. Ruth, Steele

County Attorney, Owatonna, MN, for appellant.

Mary M. McMahon, McMahon & Associates Criminal Defense, Ltd., Roseville, MN, for respondent.

Considered and decided by RANDALL, Presiding Judge; WRIGHT, Judge; and HARTEN, Judge.

## OPINION

HARTEN, Judge.*

The district court dismissed all criminal charges against respondent under Minn. R.Crim. P. 20.01, subd. 6, because the state did not file a notice of intent to prosecute within three years of the initial finding of respondent's incompetency. Appellant State of Minnesota challenges the dismissal. Because we conclude that the dismissal was an error of law, we reverse and remand.

## FACTS

Following a shootout with Owatonna police on 7 June 2003, respondent David Francis Coughlin was charged with two counts of attempted first-degree murder, two counts of first-degree assault, and one count of second-degree dangerous weapon assault. On 29 August 2003, the Steele County District Court found respondent incompetent to stand trial. On 17 December 2003, respondent was committed to the Minnesota Security Hospital as mentally ill and dangerous, where he still remains under indeterminate commitment.

In May 2004, the district court found respondent competent to stand trial, but on 16 December 2004, before a trial could be held, the district court once again found respondent incompetent to stand trial.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

In June 2006, the district court received a report indicating that respondent was again competent. Respondent moved for a competency hearing, which was held in January 2007. At the hearing, the district court sua sponte requested the parties to brief the impact of Minn. R. Crim P. 20.01, subd. 6, on respondent's situation.

Having concluded that Minn. R. Crim P. 20.01, subd. 6, entitled respondent to dismissal of all charges against him because the state had not filed a notice of intent to prosecute within three years of the initial finding of respondent's incompetency, the district court dismissed the charges. The state challenges the dismissal.

## ISSUE

Does Minn. R.Crim. P. 20.01, subd. 6, require a prosecutor to file, within three years of the initial finding of defendant's incompetency to stand trial, written notice of intent to prosecute if the defendant is restored to competence after the defendant had alternated between periods of competency and periods of incompetency lasting less than three years?

## ANALYSIS

■ Interpretation of the rules of criminal procedure is a question of law, which this court reviews de novo. *State v. Whitley,* 649 N.W.2d 180, 183 (Minn.App.2002). Except when the defendant is charged with murder, the criminal proceedings shall be dismissed upon the expiration of three years from the date of the finding of the defendant's incompetency to proceed unless the prosecuting attorney, before the expiration of the three-year period, files a written notice of intention to prosecute the defendant when the defendant has been restored to competency.

Minn. R.Crim. P. 20.01, subd. 6.[1] Here, because the prosecutor had not filed a notice of intent to prosecute in January 2007 and respondent had first been found incompetent more than three years earlier, in August 2003, the district court dismissed the proceedings against him.

■ We disagree with this reasoning. The period of incompetency that began with the initial finding lasted only nine months; respondent was found competent in May 2004. "If the court determines that [a previously incompetent] defendant is competent to proceed, the criminal proceedings against the defendant shall be resumed." Minn. R.Crim. P. 20.01, subd. 4. Accordingly, criminal proceedings against respondent were resumed and, between May and December 2004, he pleaded not guilty, a trial was scheduled, and he moved for a change of venue. Because this period of respondent's incompetency had lasted less than three years, the prosecutor was not required to file a notice of intent to prosecute when respondent's competency returned.

Respondent's second period of incompetency lasted 18 months, from December 2004 until June 2006, when he was again found competent. Under Minn. R. Crim P. 20.01, subd. 4, criminal proceedings against him were again resumed. Respondent moved for another competency hearing, which was held in January 2007. But that hearing did not result in a finding of respondent's competency; instead, it resulted in the dismissal of all charges against respondent based on the prosecutor's failure to file a notice of intent to prosecute by August 2006, which was three years after the initial finding of respondent's incompetency.

---

1. Another version of Minn. R.Crim. P. 20.01, subd. 6, became effective on 1 April 2007. The change is irrelevant to the instant case.

If respondent had been incompetent throughout those three years, the dismissal would have been appropriate. But neither respondent's initial period of incompetency (nine months) nor his second period of incompetency (eighteen months) was long enough to trigger the Minn. R.Crim. P. 20.01, subd. 6, requirement that a prosecutor file, within three years of the finding of incompetency, written notice of intent to prosecute if the incompetent defendant later becomes competent.

Respondent argues that the Minn. R.Crim. P. 20.01, subd. 6, reference to "three years from the date of the finding of the defendant's incompetency to proceed" should be read as "three years from the date of the *initial* finding of the defendant's incompetency to proceed." But this reading ignores the reality that incompetency is sometimes not a permanent condition; periods of incompetency may alternate with periods of competency. The rules envision this reality: *see, e.g.,* Minn. R.Crim. P. 20.01, subd. 4 ("If the court determines that [a previously incompetent] defendant is competent to proceed, the criminal proceedings against the defendant shall be resumed.")

In construing a procedural rule, this court considers both the plain language and the purpose of the rule. *In re Welfare of S.M.E.,* 725 N.W.2d 740, 742 (Minn.2007). The purpose of Minn. R.Crim. P. 20.01, subd. 6, is to ensure that defendants who remain incompetent for three years or longer, after the initial or subsequent finding of incompetency, realize that they are still subject to prosecution. Reading Minn. R.Crim. P. 20.01, subd. 6, to require notice of intent to prosecute within three years of a finding of incompetency followed by a period of incompetency lasting three years or more achieves this purpose. In contrast, requiring notice of intent to prosecute within three years of only the initial finding of incompetency, regardless of the length of the period of incompetency following that finding, would mean that defendants found incompetent a second or third time would not be entitled to notice of the state's intent to prosecute them if they again became competent. This would frustrate the purpose of the rule and arguably achieve an absurd result that courts seek to avoid when construing rules. *See, e.g., State v. Murphy,* 545 N.W.2d 909, 916 (Minn.1996) (discussing construction of statutes).

We conclude that Minn. R.Crim. P. 20.01, subd. 6, does not require a prosecutor to file written notice of intent to prosecute if the defendant is restored to competence within three years of the initial finding of a defendant's incompetency to stand trial, unless that initial finding is followed by a continuous period of incompetency lasting at least three years. Analogously, Minn. R.Crim. P. 20.01, subd. 6, does require a prosecutor who intends to resume a suspended criminal charge to give written notice within three years of intent to prosecute an incompetent defendant whose competency returns whenever the foregoing period of incompetency lasts at least three years.

We are aware that permitting prosecutors to comply with Minn. R.Crim. P. 20.01, subd. 6, by filing written notice of intent to prosecute within three years of any finding of incompetency, not only the initial finding, may result in delayed trials. But these delays violate neither due process nor, more specifically, the right to a speedy trial because they result from the defendant's incompetency. See *State v. Bauer,* 299 N.W.2d 493, 496–98 (Minn. 1980) (declining to dismiss indictment against defendant found incompetent to stand trial after finding no violation of due process or right to a speedy trial).

## DECISION

We reverse the dismissal of the charges against respondent and remand for proceedings appropriate in light of respondent's competency.[2]

**Reversed and remanded.**

---

2. We note that no prejudice accrues to respondent from this reversal. The state has three years from the date of his alleged offense, 7 June 2003, to file its indictment or complaint. Minn.Stat. § 628.26(j) (2002). This period is tolled by periods of incompetency. *See* Minn.Stat. § 541.15 (2002) (periods of insanity suspend running of limitations periods). Because of respondent's 27 months of incompetency, only nine months of the three-year period having elapsed, it appears that the state would be free in any event to refile the charges against him.