**STATE of Minnesota, Respondent,**

v.

**Wanda May BURDICK, Appellant.**

**No. A10–645.**

Court of Appeals of Minnesota.

March 15, 2011.

874

Lori Swanson, Attorney General, St. Paul, MN; and Dawn Speltz, Assistant Spring Lake Park City Attorney, Brooklyn Center, MN, for respondent.

David W. Merchant, Chief Appellate Public Defender, St. Paul, MN, for appellant.

Considered and decided by MINGE, Presiding Judge; KALITOWSKI, Judge; and HUSPENI, Judge.*

## OPINION

MINGE, Judge.

Wanda Burdick appeals from a conviction of second-degree driving while impaired and driving with an alcohol concentration of .08 or higher, challenging the validity of her stipulation pursuant to Minn. R.Crim. P. 26.01, subd. 4. Because we determine that the procedure did not comply with the requirements of rule 26.01, subdivision 4; because the parties did not, as that rule requires, represent that the issue satisfied the rule; and because the record does not support the requirements of the rule, we reverse and remand.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. We note that the Minnesota Rules of Criminal Procedure provide other time limits on holding omnibus hearings. *See* Rule 8.04(c)

## FACTS

In May 2009, Wanda Burdick was arrested for driving while impaired and submitted to a blood test which indicated an alcohol concentration of .19. The state charged Burdick with second-degree driving while impaired in violation of Minn. Stat. §§ 169A.20, subd. 1(1), .25 (2008) and driving with an alcohol concentration of .08 or more in violation of Minn.Stat. §§ 169A.20, subd. 1(5), .25 (2008).

A second-appearance hearing pursuant to Minn. R.Crim. P. 8.01 was held on June 18, 2009. At that hearing, pursuant to the policy of the Anoka County District Court, Burdick's attorney at the time acknowledged that a request for an omnibus hearing to consider contested motions had to be filed within 30 days.[1] Burdick did not request an omnibus hearing during this thirty-day time period.

In November 2009, Burdick filed a substitution of counsel. Three days before the March 4, 2010 trial date, Burdick's new attorney requested that a contested omnibus hearing be held on the day of the trial. The issue identified for the hearing was whether the results of the test of Burdick's blood should be excluded because no search warrant had been obtained authorizing analysis of her blood. Without addressing that underlying issue, the district court denied the omnibus-hearing request as untimely, effectively ruling that Burdick had waived her right to raise any omnibus issues.

After the denial of an omnibus hearing, Burdick and the state agreed to submit the state's case to the district court for a de-

---

(28 days after second appearance, subject to extension for good cause); rule 11.01 (within 42 days of first appearance or 28 days of a combined first and second appearance). We do not consider the validity of the Anoka County District Court policy.

termination of guilt or innocence pursuant to Minn. R.Crim. P. 26.01, subd. 4. Burdick's attorney represented to the district court that Burdick wished to preserve her right to challenge her claimed pretrial omnibus-hearing issue on appeal. Burdick then was sworn as a witness. Her attorney questioned her and submitted a petition to proceed with a stipulated-facts trial. Burdick waived her right to a jury trial, to testify on her own behalf, to have any witnesses testify on her behalf, and to cross-examine adverse witnesses. Neither Burdick, nor her attorney, nor the prosecution acknowledged that the pretrial issue being preserved was dispositive of the case or that a trial would be unnecessary if Burdick prevailed on the issue on appeal.

After the case was submitted on the prosecution's evidence, the district court found Burdick guilty, convicted her of both offenses, and imposed concurrent sentences. Burdick appeals, challenging the validity of her stipulated-facts trial because it did not comply with rule 26.01, subdivision 4, and asserting that the district court erred in convicting her on both counts.

## ISSUES

I. Does Minn. R.Crim. P. 26.01, subd. 4, allow a stipulated-facts trial when the parties failed to acknowledge and the record does not indicate that the pretrial issue reserved for appeal is dispositive of the case or that a contested trial would be unnecessary if Burdick won on appeal?

II. Did the district court err in convicting and sentencing Burdick on two counts of second-degree driving while impaired?

## ANALYSIS

### I.

Construction of a rule of "criminal procedure is a question of law subject to de novo review." *Ford v. State,* 690 N.W.2d 706, 712 (Minn.2005). In construing a procedural rule, we consider both the plain language of the rule and its purpose. *State v. Coughlin,* 731 N.W.2d 862, 865 (Minn.App.2007), *review denied* (Minn. Aug. 7, 2007).

For any offense punishable by incarceration, a defendant has a right to a jury trial. Minn. Const. art. I, § 6; Minn.Stat. § 609.02, subd. 1 (2008). A defendant can waive that right, plead guilty, and either proceed to a court trial with witnesses or proceed to a court trial on stipulated facts. Minn. R.Crim. P. 26.01, subds. 1(2), 2, 3; *State v. Rasmussen,* 749 N.W.2d 423, 426–27 (Minn.App.2008). This procedure requires that a defendant waive her right to testify at trial, to have the prosecution witnesses testify in her presence, to cross-examine adverse witnesses, and to present witnesses on her own behalf. Minn. R.Crim. P. 26.01, subds. 3(a), 4(d).

The Minnesota Supreme Court recognized a unique variation on the stipulated-facts trial in *State v. Lothenbach,* 296 N.W.2d 854 (Minn.1980). Although he pleaded guilty, Lothenbach sought appellate review of a pretrial ruling denying his motion to suppress critical evidence. *Id.* at 855. The court recognized that Lothenbach had an interest in appellate review of a dispositive, pretrial ruling that was otherwise precluded by a guilty plea and that judicial economy would be served by avoiding a full trial. *Id.* at 857–58. The result of *Lothenbach* was a case-law-created procedure that allowed a stipulated-facts trial. *Id.* But, in a *Lothenbach* proceeding, a defendant's right to raise issues on appeal is restricted to pretrial, dispositive rulings. *State v. Riley,* 667 N.W.2d 153, 157 (Minn. App.2003), *review denied* (Minn. Oct. 21, 2003).

Effective April 1, 2007, the Minnesota Supreme Court adopted rule 26.01, subdi-

vision 4, of the Minnesota Rules of Criminal Procedure, entitled "Stipulation to Prosecution's Case to Obtain Review of Pretrial Ruling," essentially codifying the procedure established by *Lothenbach. See* Minn. R.Crim. P. 26.01 cmt. (referring to *Lothenbach* and stating subdivision 4 "supersedes the case as to the procedure for stipulating to the prosecution's case to obtain review of a pretrial ruling"). The rule defines the unique procedure that must be followed in order to preserve certain pretrial issues for appellate review when proceeding with a court trial based on stipulated facts. Minn. R.Crim. P. 26.01, subd. 4. Importantly, the parties must acknowledge that the pretrial ruling preserved for appeal is dispositive of the case or that, if the defendant were to prevail on the issue on appeal, a contested trial would be unnecessary. *Id.*, subd. 4(a), (c). The rule also limits appellate review to the dispositive pretrial issue by requiring that the defendant acknowledge that appellate review will not be on his guilt or "other issues that could arise at a contested trial." *Id.*, subd. 4(f). The preservation of a pretrial ruling for appellate review and the limitation on appellate review distinguishes a trial on stipulated facts under rule 26.01, subdivision 4 from one pursuant to subdivision 3. *See* Minn. R.Crim. P. 26.01 cmt.

(stating subdivision 3 should be used if no pretrial ruling is dispositive of case and defendant wants access to full scope of appellate review).

 Here, Burdick and the prosecution jointly stipulated to the state's facts and submitted the evidence to the court for a trial pursuant to rule 26.01, subdivision 4. First, we note that the parties failed to make the required acknowledgement that the pretrial ruling preserved for appeal was dispositive or would eliminate the need for a contested trial if reversed on appeal. Second, we consider whether the pretrial ruling is in fact dispositive of Burdick's entire case or concerns a matter that would, if she won on appeal, make a contested trial unnecessary.[2] If, on appeal, Burdick were to succeed on her claim of a right to an omnibus hearing, she would then be entitled to a hearing on the merits of her challenge to the admissibility of the test results and the district court would be required to rule on the merits of that claim.[3] To allow a stipulation pursuant to the rule in this circumstance is at odds with the rule's plain language because the pretrial ruling only had to do with the request for an omnibus hearing. A favorable appellate ruling would give Burdick an omnibus hearing and an opportunity to challenge admission of the test

2. Both parties limited their arguments on appeal to the question of whether the case was properly submitted under rule 26.01, subdivision 4. Neither party requests that we consider the district court proceeding to be a stipulated-facts trial pursuant to rule 26.01, subdivision 3. Although the state asserts that the underlying challenge to the admissibility of the blood test results is without merit, neither party addresses whether the district court's refusal to schedule an omnibus hearing or its oblique consideration of the admissibility issue were abuses of discretion. Without any argument or record that would enable us to adequately consider either the admissibility or availability-of-an-omnibus hearing issues sua sponte, we decline to do

so. We recognize that a creative interpretation of rule 26 and of the parties' stipulation might enable us to avoid what appears to be a wooden application of the rule and a legalistic result. On this limited record, we eschew engaging in an appellate rewrite of the rule or of the parties' stipulation.

3. We recognize that in a posttrial motion to stay sentencing pending appeal, the district court stated that the challenge to the omission of the blood test was meritless. However, in a rule 26, subdivision 4, appeal, we review pretrial, not posttrial, decisions. Regardless, the parties have not appealed or briefed this posttrial determination.

results. It would not determine the merits of that challenge or be dispositive of the case. If later Burdick were to successfully challenge the blood-analysis evidence, a contested trial may be necessary to contest her guilt on the driving-while-impaired offense.[4] Use of rule 26.01, subdivision 4, on this record, circumvents the purpose of the rule. In view of the parties' failure to adhere to the rule's required acknowledgments and our determination that the pretrial issue reserved for appeal falls outside the scope of rule 26.01, subdivision 4, we conclude that the stipulation to have a stipulated-facts trial is invalid.

Because we determine that the stipulation was invalid, the pretrial issue reserved for appellate review—the propriety of the district court's ruling that Burdick waived her right to bring a contested omnibus motion—is not properly before this court. *See Rasmussen,* 749 N.W.2d at 428 (holding appellate review of pretrial ruling inappropriate when stipulated-facts trial under *Lothenbach* invalid).

## II.

Burdick alternatively argues that the district court erred by convicting her of both counts of second-degree driving under the influence of alcohol. Because we reverse on the grounds that the parties' agreement for a stipulated-facts trial under Minn. R.Crim. P. 26.01, subd. 4, was invalid, we do not address Burdick's alternative argument.

## DECISION

We conclude that the stipulation to the district court under rule 26.01, subdivision 4, was invalid because the parties did not acknowledge that the preserved pretrial ruling was dispositive of the case or was a

ruling which, if reversed on appeal, would eliminate the need for a contested trial and because the record would not support such an acknowledgement. Accordingly, we reverse and remand for withdrawal of the stipulation and for trial or for such further proceedings as determined by the district court.

**Reversed and remanded.**

---

4. We recognize that the comment to the rule allows the parties to agree that as a practical matter, although not on legal terms, "a contested trial would serve no purpose" even if the defendant prevailed on appeal. Minn. R.Crim. P. 26 cmt.