*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0368**

State of Minnesota,
Respondent,

vs.

Wayne Keith Parmenter,
Appellant.

**Filed February 2, 2015
Reversed and remanded
Chutich, Judge**

Cass County District Court
File No. 11-CR-10-2350

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Christopher J. Strandlie, Cass County Attorney, Benjamin T. Lindstrom, Assistant
County Attorney, Walker, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Anders J. Erickson, Assistant
Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Chutich, Judge; and

Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CHUTICH**, Judge

Appellant Wayne Parmenter appeals his convictions of first-degree driving while

impaired, arguing that he did not validly waive his right to counsel and that his trial under

Minnesota Rule of Criminal Procedure 26.01, subdivision 4, was invalid. In a pro se supplemental brief, Parmenter also challenges the district court's rulings on his pretrial motions. Because the requirements of rule 26.01, subdivision 4, were not met, we reverse and remand.

## FACTS

In October 2010, the state charged Wayne Parmenter with two counts of first-degree driving while impaired. In December 2011, Parmenter filed a petition to proceed pro se. In January 2012, the district court allowed Parmenter to fire the public defender who represented him.

Parmenter argued several issues at the contested omnibus hearing, asserting that: (1) he should have been given access to the Intoxilyzer source code; (2) the stop of his car was unlawful; (3) no probable cause to arrest existed; (4) he was denied his right to counsel after his arrest; (5) he should have been allowed an alternative blood test; (6) his statements during the traffic stop should have been suppressed; and (7) no probable cause existed for the charges once his defenses were considered, including a medical defense and an argument that he did not have three prior qualified driving incidents. The district court denied Parmenter's motions.

At an August 2013 pretrial hearing, Parmenter requested that the matter proceed under Minnesota Rule of Criminal Procedure 26.01, subdivision 4, which permits a defendant to stipulate to the prosecution's case to obtain review of a pretrial ruling. Before Parmenter was sworn in, the prosecutor said that the parties needed to

acknowledge that the pretrial issues would be dispositive and that he "certainly [thought] that some of [them] would have that [e]ffect."

After he was sworn in, the district court asked Parmenter if he agreed that "if, for instance, this last issue you raised of the . . . license revocation out of Hubbard County, do you agree that if that were found to not exist that we wouldn't be here on a first degree?" Parmenter agreed with this statement. No other acknowledgment or discussion of which pretrial issues were dispositive took place.

The district court found Parmenter guilty of both counts, sentenced him to 36 months in prison with execution stayed, and placed him on probation for seven years. This appeal followed.

## D E C I S I O N

Parmenter argues that the district court committed reversible error by failing to determine whether the pretrial issues were dispositive and by failing to have the parties acknowledge which issues were dispositive. He asserts that because not all of the pretrial issues were dispositive, the failure to strictly comply with Minnesota Rule of Criminal Procedure 26.01, subdivision 4, requires reversal. We agree.

Construction of a rule of criminal procedure is a question of law reviewed de novo. *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005). When this court construes a procedural rule, it considers the plain language of the rule and its purpose. *In re Welfare of S.M.E.*, 725 N.W.2d 740, 742 (Minn. 2007).

3

Minnesota Rule of Criminal Procedure 26.01, subdivision 4, permits a defendant to stipulate to the prosecution's case to obtain review of a pretrial ruling. The rule sets forth the procedure to be followed:

> (a) When the parties agree that the court's ruling on a specified pretrial issue is dispositive of the case, or that the ruling makes a contested trial unnecessary, the following procedure must be used to preserve the issue for appellate review.
> (b) The defendant must maintain the plea of not guilty.
> (c) The defendant and the prosecutor must acknowledge that the pretrial issue is dispositive, or that a trial will be unnecessary if the defendant prevails on appeal.
> \*\*\*
> (f) The defendant must also acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt, or of other issues that could arise at a contested trial.
> (g) The defendant and the prosecutor must make the preceding acknowledgments personally, in writing or on the record.

Minn. R. Crim. P. 26.01, subd. 4. The purpose of this proceeding is to avoid the inefficient use of judicial resources and to preserve a defendant's right of appeal while avoiding an otherwise unnecessary jury trial. *State v. Verschelde*, 595 N.W.2d 192, 195 (Minn. 1999).

The parties here did not make the acknowledgements required by the rule. The prosecutor, while noting that "there also needs to be an acknowledgement that the pretrial issues would be dispositive," also stated that "I . . . certainly think that some of this would have that [e]ffect . . . ." Likewise, the district court only asked Parmenter if, "for instance," one of his pretrial issues would make a contested trial unnecessary. But the parties never acknowledged *which* pretrial issues were dispositive.

Parmenter raised seven pretrial issues, not all of which were dispositive of the case. And the rule makes clear that the parties need to agree that a ruling on a *specified* pretrial issue is dispositive. Minn. R. Crim. P. 26.01, subd. 4(a).

One of Parmenter's pretrial issues was that the statements he made to the police after he was first stopped should be suppressed because he was not given a *Miranda* warning. But this issue was neither dispositive nor would it have made a contested trial unnecessary: the state had substantial evidence against Parmenter without these statements.

Furthermore, several of Parmenter's other pretrial issues may not have been dispositive. Parmenter also challenged that he should have been given a blood test, that he was not permitted to speak with an attorney before he was tested, and that the Intoxilyzer source code was defective. These issues may have been dispositive of the case if Parmenter were solely charged with driving with an alcohol concentration above .08. But Parmenter was also charged with driving under the influence of alcohol. Even if he successfully challenged these issues, a trial still could have occurred based on this second charge.

In *State v. Burdick*, 795 N.W.2d 873 (Minn. App. 2011), we considered a challenge to a proceeding somewhat similar to this case. The proceeding in *Burdick* had two key deficiencies: the parties failed to make the required acknowledgment that the pretrial issue was dispositive, and the pretrial issue itself was not dispositive of the case. *Id.* at 876. Because of these failures, we held that the agreement to have a trial under rule 26.01, subdivision 4, was invalid and reversed and remanded the case. *Id.* at 877.

5

The proceeding here suffers from these same flaws. Although in *Burdick* no one acknowledged that the issue was dispositive, *id.* at 875, here the parties only acknowledged that some of the issues may be dispositive.

And, as in *Burdick*, not all of the issues here are dispositive of the case or make a contested trial unnecessary. Although the pretrial issue in *Burdick* was the denial of a contested omnibus hearing, this court pointed to a potentially similar outcome: "If later Burdick were to successfully challenge the blood-analysis evidence, a contested trial may be necessary to contest her guilt on the [driving under the influnce] offense." *Id.* at 877. A similar result could occur here. Thus, the procedure used in this case does not further the purpose of rule 26.01, subdivision 4: conserving judicial resources by avoiding an unnecessary jury trial.

Because the parties failed to adhere to the rule's required acknowledgements and because several of the pretrial issues Parmenter raised were not dispositive, the stipulation to a trial under rule 26.01, subdivision 4, was invalid. We therefore reverse and remand for withdrawal of the stipulation and for trial or for further proceedings as determined by the district court.

Based on our decision that the trial was invalid, we do not reach the issue of whether Parmenter validly waived his right to counsel. Given the length of time that has passed, on remand Parmenter may again choose whether to invoke his right to counsel or to waive that right. We also decline to address the issues raised by Parmenter in his pro se brief. *See State v. Rasmussen*, 749 N.W.2d 423, 428 (Minn. App. 2008) (holding that

an appellate court will not review pretrial issues if the appellant successfully argues that a trial under rule 26.01, subdivision 4, is invalid).

**Reversed and remanded.**