*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0670**

State of Minnesota,
Respondent,

vs.

Joshua Lee Myhre,
Appellant.

**Filed March 2, 2015
Affirmed; motion granted
Connolly, Judge**

Houston County District Court
File No. 28-CR-12-917

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jamie Hammell, Houston County Attorney, Kathleen L. Franklin, Assistant County Attorney, Caledonia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jessica Merz Godes, Assistant Public Defender, St. Paul, Minnesota (for appellant)


Considered and decided by Bjorkman, Presiding Judge; Halbrooks, Judge; and Connolly, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges his conviction of DWI test refusal, arguing that his guilty plea was invalid because (1) the parties did not strictly comply with Minn. R. Crim. P. 26.01, subd. 4, to obtain review of a dispositive pretrial ruling; and (2) the test-refusal statute is unconstitutional under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). Because the record clearly reflects the parties' intent to proceed under Minn. R. Crim. P. 26.01, subd. 4 (b), the plea was not invalid and because a warrantless breath test falls under the search-incident-to-a-valid-arrest exception and does not violate the Fourth Amendment, we affirm.

## FACTS

At about 9:52 p.m. on September 29, 2012, a police officer observed a car going south in the northbound lane of a highway. The officer activated his lights and followed the car, which did not slow down. When the officer activated his siren, the car stopped.

The officer asked the driver, later determined to be appellant Joshua Myhre, if he knew why he was being stopped; appellant said he had no idea. The officer said appellant had been driving south in the northbound lane; appellant denied it. The officer, observing that appellant's eyes were red and watery and that his speech was slow, slurred, and confused, asked appellant how much he had had to drink; appellant answered "Like an hour and a half ago." Appellant was unable to perform two field sobriety tests. He agreed to give a breath sample for the preliminary breath test (PBT), but, when provided with the apparatus, would not make a seal around the tube and would not blow.

He was told he was not blowing into the tube, but continued to not make seal and blow air past the tube. The PBT nonetheless registered .13.

Appellant was arrested and taken to the sheriff's office, where, at about 10:42 p.m., he was read the implied-consent advisory. He asked to speak to an attorney and was given a phone and directories. He made several calls, including one to the sheriff. At 11:06 p.m., appellant was asked to sit down if he was through using the phone, and he did so. He was then asked to take a breath test, which he refused, saying his reason was "I don't know what I should do."

A review of appellant's Minnesota driving record showed he had alcohol-related losses of his license in 2003 and 2005; a review of his criminal record showed he was convicted in Wisconsin in 2007 of Operating While Intoxicated (3rd). He was charged with first-degree refusal to submit to testing, in violation of Minn. Stat. § 169A.20, subd. 2 (2012).[1]

Appellant moved to dismiss the charge on the ground that Minn. Stat. § 169A.20, subd. 2, is unconstitutional; his motion was denied. To preserve the issue for appeal, appellant agreed to proceed under Minn. R. Crim. P. 26.01, subd. 4. But he filed a guilty plea, contrary to the requirement of Minn. R. Crim. P. 26.01, subd. 4(b), that a defendant plead not guilty, and neither appellant nor the prosecutor acknowledged, in writing or on the record, that an appellate ruling on the pretrial issue would be dispositive, contrary to the requirements of Minn. R. Crim. P. 26.01, subd. 4(c) and (g).

---

[1] He was also charged with first-degree driving under the influence; this charge was later dismissed.

3

At the hearing, appellant answered in the affirmative when the district court asked him: (1) if he had heard what the attorneys had said, (2) if he intended to proceed accordingly, (3) if he had signed a petition to enter a guilty plea, (4) if he had reviewed the stipulated facts; (5) if his attorney had discussed the case, possible defenses, and appellant's "right . . . to appeal the [district c]ourt's decision with regard to the pre-trial considerations [i.e. that the implied-consent statute was unconstitutional under *McNeely*]"; (6) if he had decided to "go forward with a *Lothenbach* plea" and the court could consider the stipulated facts in determining his guilt or innocence.[2] Appellant answered, "Guilty" when the district court asked how he pleaded to "[the] charge of first degree refusal by way of a *Lothenbach* plea." Appellant also told the district court he understood that: (1) he would have been entitled to "a full blown trial either before a judge or a jury" at which he would have been presumed innocent and the State would have had to prove his guilt beyond a reasonable doubt; (2) he was waiving his right to a jury trial, to have witnesses testify in his presence, to cross-examine them, and to subpoena his own witnesses; (3) he was waiving this right knowing that the district court, based on the stipulated facts, would find him guilty and would impose a sentence, which, even if he appealed, "would not be stayed based on the fact that there would be a

---

[2] Minn. R. Crim. P. 26.01, subd. 4, superseded *State v. Lothenbach*, 296 N.W.2d 854 (Minn. 1980) (providing that, when a district court's ruling on a pretrial issue is dispositive, the right to appeal that ruling is preserved when the defendant maintains a plea of not guilty, waives the right to a jury trial, stipulates to the evidence and acknowledges that it could support a finding of guilt, acknowledges that the pretrial issue is dispositive, and acknowledges that appellate review will be of the pretrial issue, but not of the defendant's guilt). Minn. R. Crim. P. 26 cmt. Both the district court and appellant's attorney improperly referred to the Minn. R. Crim. P. 26.01, subd. 4, proceeding as a "*Lothenbach* plea."

4

determination of guilt just as though [he] had gone to trial"; and (4) he was "in essence, . . . testifying against [him]self based on these facts that are stipulated."

Appellant's attorney told the district court that: (1) appellant would admit to refusal to test "through the *Lothenbach* method"; (2) there were "joint stipulated facts to submit in support of the *Lothenbach* plea"; (3) "the intent here [was] to appeal the refusal [to test]"; and (4) appellant understood that he would receive consequences, including jail time and probation, and "all the terms that normally would occur with a felony DUI would occur unless and until . . . the [district c]ourt's sentencing order [was] vacated by the court of appeal[s]". Appellant answered "Yes" when asked if: (1) he and the attorney had discussed possible outcomes; (2) they had worked out an arrangement to submit stipulated facts for a *Lothenbach* plea; (3) they had reviewed the facts, which were the facts in the complaint; and (4) appellant was expecting the court to read the facts, find him guilty, and impose a sentence, and they would then appeal the finding of guilt. The district court made oral findings based on the stipulated facts and found appellant guilty.

Appellant now argues that the procedural violations of Minn. R. Crim. P. 26.01, subd. 4(b), invalidate his guilty plea or, in the alternative, that the refusal-to-test statute violates the Fourth Amendment. [3]

---

[3] Appellant also moved to have copies of his Minnesota driving record and his Wisconsin criminal history, together with the letters indicating that the state provided these documents to appellant's attorney the day after the hearing, be stricken from the brief as not part of the record. Because the transcript and the stipulated facts are part of the record and clearly show that appellant conceded to his first-degree sentence on the basis of the three prior incidents, the items appellant asks to have stricken are not essential, and his motion is granted.

## DECISION

### 1. Minn. R. Crim. P. 26.01

"The interpretation of the rules of criminal procedure is a question of law subject to de novo review." *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005).

A dispositive pretrial issue may be preserved for appellate review by having the defendant: (1) plead not guilty; (2) acknowledge with the prosecutor, in writing or on the record, that the issue is dispositive; (3) waive the rights to have a jury trial, to testify at trial, to have prosecution witnesses testify in the defendant's presence and to cross-examine them, and to bring in witnesses favorable to the defendant; (4) stipulate to the prosecution's evidence in a trial to the court and acknowledge, in writing or on the record, that the court will consider that evidence and may enter a finding of guilt; and (5) acknowledge, in writing or on the record, that appellate review will be of the pretrial issue but not of the defendant's guilt or other issues that could arise at a contested trial. Minn. R. Crim. P. 26.01, subds. 3, 4.

Appellant argues that his conviction should be reversed and the case remanded because: (1) he entered a guilty plea instead of the not-guilty plea required by Minn. R. Crim. P. 26.01, subd. 4(b), and (2) he and the prosecutor did not acknowledge on the record or in writing that the pretrial issue, i.e., whether the implied-consent statute is unconstitutional under *McNeely*, would be dispositive as required by Minn. R. Crim. P. 26.01, subd. 4(c) and (g). For this argument, he relies on three cases: *State v. Antrim*, 764 N.W.2d 67 (Minn. App. 2009) (holding that failure to comply with the waiver requirements of Minn. R. Crim. P. 26.01, subd. 3, requires reversal of a conviction

6

entered pursuant to a stipulation under Minn. R. Crim. P. 26.01, subd. 4, and remanding for either compliance with the waiver requirement or any other proceeding consistent with the rules of criminal procedure); *State v. Rasmussen*, 749 N.W.2d 423 (Minn. App. 2008) (holding that a party who argues successfully on appeal that his right to a jury trial was not waived may not obtain appellate review of a pretrial suppression ruling under *Lothenbach*); and *State v. Knoll*, 739 N.W.2d 919 (Minn. App. 2007) (holding that, under the *Lothenbach* procedure, a defendant must expressly waive all the Minn. R. Crim. P. 26.01, subd. 3, rights and remanding for either an express waiver or a jury trial).

Because all three cases concern failure to comply with the waiver requirements of Minn. R. Crim. P. 26.01, subd. 3, all are distinguishable. Here, the transcript shows that appellant complied with the waiver requirements of Minn. R. Crim. P. 26.01, subd. 4(d), *see Rasmussen*, and of Minn. R. Crim. P. 26.01, subd. 3, *see Antrim* and *Knoll*.

Thus, the issue becomes whether either pleading guilty, *see* Minn. R. Crim. P. 26.01, subd. 4(b), or failing to acknowledge, in writing or on the record, the parties' agreement that the pretrial issue is dispositive, *see* Minn. R. Crim. P. 26.01, subd. 4(c) and (g), invalidates appellant's guilty plea. We conclude that his plea was not invalidated because the record clearly indicates that appellant and his attorney were aware that the pretrial issue, i.e. the constitutionality of the test-refusal statute, would be dispositive of his case.[4] *See Dereje v. State*, 837 N.W.2d 714, 721 (Minn. 2013) (holding that, although

---

[4] In *State v. Busse*, 644 N.W.2d 79, 82 n.3 (Minn. 2002), as here, "it appear[ed] that the parties and the court thought they were following the correct procedure for preserving appellate review of pretrial issues" by having the defendant file a guilty plea. However, because the pretrial issue in *Busse* was jurisdictional, it was not waived by his guilty plea:

submission of evidence containing conflicting versions of events could not result in a valid trial on stipulated facts, the district court had conducted a valid bench trial on stipulated facts, and no new trial was warranted because the defendant had "validly waived his jury-trial rights"); *see also State v. Burdick*, 795 N.W.2d 873, 877 (Minn. App. 2011) ("In view of the parties' failure to adhere to the rule's required acknowledgements [that the pretrial issue was dispositive of the case] and our determination that the pretrial issue reserved for appeal falls outside the scope of rule 26.01, subdivision 4 [i.e., was not dispositive], we conclude that the stipulation to have a stipulated-facts trial is invalid."). Appellant answered "Yes" when the district court asked him if he and his attorney had discussed appellant's right to appeal the district court's pretrial decision that the test-refusal statute was not unconstitutional and if he understood what the attorneys had been saying about the *Lothenbach* procedure.

The guilty-plea petition, the stipulated facts, and especially the transcript make it clear that appellant, the prosecutor, and the district court all intended to follow, and thought they were following, the procedure for stipulating to the prosecution's case to obtain review of a pretrial ruling set out in Minn. R. Crim. P. 26.01, subd. 4, f/k/a the *Lothenbach* procedure, and that appellant waived the right to a jury trial and the rights set out in Minn. R. Crim. P. 26.01, subd. 3(a). We therefore treat appellant's plea as a not-

---

"a guilty plea by a counseled defendant operates to waive only nonjurisdictional defects." *Id*. Therefore, the issue of whether the guilty plea invalidated the *Lothenbach* proceeding did not arise.

guilty plea with stipulated facts, review the pretrial issue, and decline to review appellant's guilt or other issues in accord with Minn. R. Crim. P. 26.01, subd. 4(f).[5]

## 2.      Constitutionality of the test-refusal statute

"The constitutionality of a statute is a question of law that [this court] review[s] de novo." *SooHoo v. Johnson*, 731 N.W.2d 815, 821 (Minn. 2007). "Our power to declare a law unconstitutional is to be exercised only when absolutely necessary . . . and then with great caution. *Id.* (quotation omitted). "Accordingly, we will uphold a statute unless the challenging party demonstrates that it is unconstitutional beyond a reasonable doubt." *Id.*

"It is a crime for any person to refuse to submit to a chemical test of the person's blood, breath, or urine under section 169A.51 (chemical tests for intoxication) or section 169A.52 (test refusal or failure; revocation of license)." Minn. Stat. § 169A.20, subd. 2. Arguing that this statute is unconstitutional under *McNeely*, 133 S. Ct. at 1567-68

---

[5] Thus, we do not address appellant's argument that his conviction should be reversed because the state failed to prove his three prior DUI incidents. *See* Minn. R. Crim. P. 26.01, subd. 4(f); *see also Busse*, 644 N.W.2d at 88-89 ("[E]ven if we were to conclude that [the appellant] should be treated as though he correctly used the *Lothenbach* procedure, he still would not have preserved his claim that the state had not proved all of the elements of the crime charged because . . . the *Lothenbach* procedure . . . is for obtaining appellate review of pretrial decisions." Because the state's appendix includes documents that were not part of the record, namely copies of appellant's Minnesota driving record and Wisconsin criminal history and of letters indicating that the state provided these documents to appellant's attorney the day after the hearing, we grant appellant's motion to strike them. *See* Minn. R. Crim. P. 28.02, subd. 8 ("The record on appeal consists of the papers filed in the district court, the offered exhibits, and the transcript of the proceedings, if any."). In any event, the stricken items are irrelevant both because we do not address appellant's sufficiency-of-the-evidence issue and because the transcript and the stipulated facts, which are part of the record, show that appellant stipulated to the three prior DUI incidents.

(holding that dissipation of alcohol in the bloodstream is not per se an exigent circumstance that justifies the warrantless testing of suspected drunk drivers) appellant moved unsuccessfully to dismiss the charge of violating the statute. He challenges the denial of his motion.

The same argument was made by another driver who, like appellant, exhibited indicia of intoxication, was asked to submit to a breath test, and refused. *See State v. Bernard*, ___N.W.2d ___, ___, 2015 WL 543160, at *4 (Minn. Feb. 11, 2015) (reaching "conclusion that a warrantless breath test does not violate the Fourth Amendment because it falls under the search-incident-to-a-valid-arrest exception"). Particularly in light of the similarity of *Bernard* to this case, appellant does not meet his burden of demonstrating beyond a reasonable doubt the unconstitutionality of Minn. Stat. § 169A.20, subd. 2.

Because appellant's failure to comply with the requirements of Minn. R. Crim. P. 26.01, subd. 4(b), (c), and (g), does not mandate reversal of his conviction and remand for withdrawal of his guilty plea and because he has not demonstrated beyond a reasonable doubt the unconstitutionality of Minn. Stat. § 169A.20, subd. 2, we affirm the denial of his motion to dismiss and his conviction.

**Affirmed.**