*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0201**

State of Minnesota,
Respondent,

vs.

Michael Patrick Morin,
Appellant.

**Filed January 4, 2016
Reversed and remanded
Hooten, Judge**

Koochiching County District Court
File No. 36-CR-13-779

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Jeffrey S. Naglosky, Koochiching County Attorney, International Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Amy Lawler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Chutich, Judge; and Hooten, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

On appeal from his conviction of a second-degree controlled substance crime, appellant argues that: (1) because the parties intended to allow appellant to submit this case

for review of the district court's pretrial suppression ruling, this court should address the merits of the suppression issue despite the parties' failure to follow the correct procedure under Minn. R. Crim. P. 26.01, subd. 4; (2) the district court committed reversible error when it excluded appellant and his counsel from an in camera proceeding and made determinations about the reliability of an unknown confidential reliable informant (CRI) whose statements established probable cause to issue the search warrant of appellant's home and person; and (3) in the alternative, this court should reduce appellant's conviction from a second-degree controlled substance crime to a third-degree controlled substance crime. Because we conclude that the pretrial suppression issue was not preserved for appellate review, we do not reach the merits of that issue. But, because the factual basis for appellant's guilty plea supports only a conviction of a third-degree controlled substance crime, we reverse, reduce the conviction, and remand for resentencing.

## FACTS

On December 1, 2013, Koochiching County Sheriff's Deputy Curtis Turban prepared a search warrant application to search the home and person of appellant Michael Patrick Morin. In the affidavit in support of the application, Deputy Turban averred that he had received information from a CRI that Morin was using and distributing methamphetamine out of his home. Deputy Turban stated that the CRI had been present in Morin's home within the past 72 hours and, while within the home, had observed Morin to be "in possession of an undetermined amount of methamphetamine." Deputy Turban stated the following concerning the CRI:

> Affiant has received information from CRI in regards to this case as well as others. Affiant has determined that information provided by the CRI to be true and correct through independent corroboration. Furthermore, CRI, with supervision of the affiant, has conducted controlled buys of controlled substances furthering her/his reliability.

Deputy Turban noted that Morin was previously convicted of a felony-level controlled substance crime involving "the use/sale of methamphetamine." Deputy Turban also indicated he knew that "Morin commonly distributes unknown amounts of methamphetamine to [third] parties in his controlled substance sales activities."

The warrant was issued and executed on December 1, 2013. According to the complaint, officers seized a total of 5.25 grams of methamphetamine from Morin's person and residence when they executed the warrant. On December 2, Morin was charged with a second-degree controlled substance crime.

On January 3, 2014, Morin filed a motion to suppress any evidence seized during the December 1 search and to dismiss the charge for lack of probable cause, and he also requested an order disclosing the identity of the CRI. On March 21, the district court ordered an in camera inspection of the CRI. On April 24, the prosecutor sent the district court and defense counsel a letter memorializing an April 11 conversation wherein the prosecutor "verbally disclosed the identity of the CRI" to the district court. On June 5, the district court issued an order denying Morin's motion to suppress. The district court determined that "[t]he veracity and basis of knowledge of the CRI have been established" and therefore concluded that "the warrant issued based upon the CRI's tip was supported by probable cause."

The parties eventually reached a plea agreement to resolve this case and other pending criminal cases, and a plea hearing was held on September 29, 2014. At the beginning of the hearing, defense counsel explained the agreement: Morin would plead guilty to the sole count in the complaint, the state would dismiss Morin's other pending cases, and Morin would be sentenced to 75 months in prison. Defense counsel did not indicate that Morin wanted to preserve his right to challenge the pretrial suppression issue on appeal. The prosecutor confirmed that "that" was the agreement and asked the district court to accept it.

The district court asked Morin if he understood "the agreement," and Morin replied, "Yes." The district court then asked Morin how he wanted to plead to a second-degree controlled substance crime. Morin replied, "Guilty with reserving the right to challenge the search warrant." The district court stated, "All right." Morin and defense counsel immediately had an off-the-record discussion, and then the following exchange took place:

> DEFENSE COUNSEL: Judge, in talking to Mr. Morin I think to be clear he wants to enter a plea of guilty and if he wants to kick any issues off on appeal, if he feels the need to do that, he certainly can.
> DISTRICT COURT: Is that your understanding, Mr. Morin? You want to make sure that you've got the right to appeal any decision of the [c]ourt?
> DEFENDANT: Yes.
> DISTRICT COURT: Including the decision of sentencing if the [c]ourt reaches that point?
> DEFENDANT: Yes.
> DISTRICT COURT: All right. Very good.

Morin waived his rights and provided a factual basis for the guilty plea. At one point the district court asked Morin, "Are you pleading guilty to get the case over with or are you

4

pleading guilty for another reason?" Morin responded, "No. I'm pleading guilty because I'm guilty . . . ." The district court deferred acceptance of the plea until sentencing.

A sentencing hearing was held on November 4, 2014. Defense counsel again recited the terms of the plea agreement, and Morin again provided a factual basis for the plea. Neither defense counsel nor Morin indicated that Morin wanted to preserve his right to challenge the pretrial suppression issue on appeal. The district court accepted the plea and sentenced Morin to 75 months in prison, in accordance with the plea agreement. This appeal followed.

## D E C I S I O N

### I.

Morin now argues that because the parties intended that he would be able to challenge the pretrial suppression issue on appeal, this court should treat his guilty plea as a not-guilty plea and a stipulation to the prosecution's case under Minn. R. Crim. P. 26.01, subd. 4. The state counters that it never consented to allow Morin to appeal the pretrial suppression issue and that Morin "in no way entered his plea in accordance with" rule 26.01, subdivision 4.

"The interpretation of the rules of criminal procedure is a question of law subject to de novo review." *Ford v. State*, 690 N.W.2d 706, 712 (Minn. 2005). Under the rules of criminal procedure, a defendant may stipulate to the prosecution's case in order to obtain review of a pretrial ruling. Minn. R. Crim. P. 26.01, subd. 4. The rule provides:

> (a) When the parties agree that the court's ruling on a specified pretrial issue is dispositive of the case, or that the ruling makes a contested trial unnecessary, the following

5

procedure *must* be used to preserve the issue for appellate review.

(b) The defendant must maintain the plea of not guilty.

(c) The defendant and the prosecutor must acknowledge that the pretrial issue is dispositive, or that a trial will be unnecessary if the defendant prevails on appeal.

(d) The defendant, after an opportunity to consult with counsel, must waive the right to a jury trial under subdivision 1(2)(a), and must also waive the rights specified in subdivision 3(a).

(e) The defendant must stipulate to the prosecution's evidence in a trial to the court, and acknowledge that the court will consider the prosecution's evidence, and that the court may enter a finding of guilt based on that evidence.

(f) The defendant must also acknowledge that appellate review will be of the pretrial issue, but not of the defendant's guilt, or of other issues that could arise at a contested trial.

(g) The defendant and the prosecutor must make the preceding acknowledgments personally, in writing or on the record.

(h) After consideration of the stipulated evidence, the court must make an appropriate finding, and if that finding is guilty, the court must also make findings of fact on the record or in writing as to each element of the offense(s).

*Id.* (emphasis added).

This procedure clearly was not followed in this case. First, Morin did not "maintain the plea of not guilty," but specifically pleaded guilty. Second, neither Morin nor the prosecutor acknowledged that the pretrial issue was dispositive. Third, Morin did not stipulate to the prosecution's evidence in a court trial, and he did not acknowledge that the district court would consider the prosecution's evidence and could enter a finding of guilt based on that evidence. Fourth, Morin did not acknowledge that appellate review would be only of the pretrial issue and that there would be no review of his guilt "or of other issues that could arise at a contested trial." Fifth, there was no court trial, and thus the district

6

court did not make findings of fact as to each element of the offense in writing or on the record.

Morin argues that "the parties' clear intent was to allow Morin to submit this case for appellate review of the pre-trial suppression ruling," but this argument mischaracterizes the record. The only indication that this case would be submitted for appellate review of the pretrial suppression issue was when Morin stated at the plea hearing that he was pleading "[g]uilty with reserving the right to challenge the search warrant." After an off-the-record discussion with Morin, defense counsel stated: "[T]o be clear he wants to enter a plea of guilty and *if* he wants to kick any issues off on appeal, *if* he feels the need to do that, he certainly can." (Emphasis added.) This is hardly a "clear" indication that Morin intended to challenge the pretrial suppression issue. The district court followed by asking Morin whether he "want[ed] to make sure that [he had] the right to appeal any decision of the [c]ourt." Again, there is no mention of specifically appealing the pretrial suppression issue.

The prosecutor gave no acknowledgement whatsoever of Morin's intention to challenge the suppression issue. Morin claims that, by not voicing an objection, "the state stood by in silent tacit consent." This flies in the face of the rule, however, which *requires* the prosecutor to "acknowledge . . . in writing or on the record" that the pretrial ruling is dispositive. Minn. R. Crim. P. 26.01, subd. 4(c), (g). Moreover, there was no mention of rule 26.01, subdivision 4, or its precursor, *State v. Lothenbach*, 296 N.W.2d 854 (Minn.

1980),[1] at either the plea hearing or the sentencing hearing. At the sentencing hearing, defense counsel summarized the terms of the plea agreement but again did not mention any term of the agreement allowing Morin to challenge the pretrial suppression issue, and Morin did not repeat the statement he made at the plea hearing about pleading guilty while "reserving the right to challenge the search warrant."

The parties did not follow the procedure outlined in Minn. R. Crim. P. 26.01, subd. 4, and there is no indication that the parties intended to follow that procedure but simply failed to properly execute it. On this record, we decline to treat Morin's guilty plea as a not-guilty plea and a stipulation to the prosecution's case, and therefore we do not reach the merits of the pretrial suppression issue. *See State v. Burdick*, 795 N.W.2d 873, 877 (Minn. App. 2011) (holding that because parties failed to follow procedure outlined in rule 26.01, subdivision 4, "the pretrial issue reserved for appellate review . . . is not properly before this court"); *see also Lothenbach*, 296 N.W.2d at 857 ("The traditional viewpoint in Minnesota, as well as elsewhere, has been that a guilty plea by a counseled defendant operates as a waiver of all nonjurisdictional defects, including Fourth Amendment claims.").[2]

---

[1] *See State v. Diede*, 795 N.W.2d 836, 842 n.2 (Minn. 2011) (noting that *Lothenbach* was "superseded" by Minn. R. Crim. P. 26.01, subd. 4).

[2] At oral argument, Morin's appellate counsel clarified that Morin is not asking for plea withdrawal as an alternative form of relief.

## II.

In the alternative, Morin argues that this court should reduce his second-degree controlled substance conviction because the factual basis established at the plea hearing shows "that Morin was actually guilty of only a third-degree controlled substance crime," citing Minn. R. Crim. P. 28.02, subd. 12(c) (permitting this court to reduce the conviction to an offense of lesser degree, "as the case may require").

Morin was charged with a second-degree controlled substance crime for the unlawful sale of three or more grams of methamphetamine. Minn. Stat. § 152.022, subd. 1(1) (2012). The threshold amount for second-degree *possession*, however, is higher than the threshold amount for second-degree *sale*. Under Minn. Stat. § 152.022, subd. 2(1) (2012), a person is guilty of second-degree controlled substance crime if the person unlawfully possesses six or more grams of methamphetamine. Thus, in order for Morin to be guilty of a second-degree controlled substance crime, he needed to admit to selling three or more grams of methamphetamine or possessing six or more grams of methamphetamine.

Morin admitted only to possessing less than five grams of methamphetamine. At the plea hearing, he agreed that police seized "just a hair under five grams" of methamphetamine and that he constructively possessed it. At the sentencing hearing, Morin admitted that police seized "just over three grams of methamphetamine," that the drugs were his, and that he possessed them. The district court then adjudicated Morin guilty of "possession of a controlled substance in the [second] degree."

A person who *possesses* three or more grams of methamphetamine is guilty of a third-degree controlled substance crime, not a second-degree controlled substance crime.

9

Minn. Stat. § 152.023, subd. (2)(1) (2012). Morin is correct that the factual basis underlying his plea supports only a conviction of a third-degree controlled substance crime. If Morin had admitted to *selling* three or more grams of methamphetamine, he would be guilty of a second-degree controlled substance crime. Minn. Stat. § 152.022, subd. 1(1). But, Morin was never asked at the plea hearing or the sentencing hearing if he had sold methamphetamine or had possessed methamphetamine with the intent to sell it. Because Morin admitted only to possessing methamphetamine, not selling it, the district court did not find, and could not have found, that Morin had sold methamphetamine based upon the factual basis given for his guilty plea.

On appeal, this court may "reduce the conviction to a lesser included offense or to an offense of lesser degree, as the case may require. If [this] court reduces the conviction, it must remand for resentencing." Minn. R. Crim. P. 28.02, subd. 12(c). Because the factual basis underlying Morin's guilty plea does not support a conviction of a second-degree controlled substance crime, we reverse, reduce the conviction to a third-degree controlled substance crime, and remand for resentencing.

**Reversed and remanded.**